UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-06897-CAS(MANx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | STRATEGIC ACQUISITIONS, INC. V. DAVID ZARIAN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND (dkt. 8, filed September 18, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 3, 2014, is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

On June 12, 2014, plaintiff Strategic Acquisitions, Inc. ("Strategic") filed an action for unlawful detainer against defendants David Zarian, Mojdeh Zarian, and all occupants in possession of the subject property (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1. Strategic alleges that, on May 19, 2014, it acquired title to property located at 4060 Alonzo Avenue, Encino, CA 91316 ("the Property"). Id. Plaintiff further alleges that defendants unlawfully remain in possession of the property, despite having been properly served with a 3-day notice to quit and deliver up possession of the Property on June 7, 2014. Id.

Asserting federal question jurisdiction, defendants removed the action to this Court on September 4, 2014 . Dkt. 1.[1] Strategic subsequently filed an ex parte application to remand the case to state court on September 18, 2014. Dkt. 8. On September 29, 2014, the Court issued a scheduling notice stating that Strategic's ex parte application should have been filed as a noticed motion, construing Strategic's application as a noticed motion, and setting the November 3, 2014 hearing date and a corresponding briefing

---

[1] The Court notes that removal was untimely, since it occurred more than 30 days after the complaint was filed in state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:14-cv-06897-CAS(MANx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | STRATEGIC ACQUISITIONS, INC. V. DAVID ZARIAN ET AL. | | |

schedule. Dkt. 9. Defendants have not filed an opposition to Strategic's motion. Having carefully considered Strategic's arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD & DISCUSSION

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of 28 U.S.C. § 1331, the question of whether the claim arises under federal law must be determined by reference to Wells Fargo's complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

The Court finds that it lacks subject matter jurisdiction over this action. Although it is not entirely clear from the notice of removal, defendants appear to contend that federal question jurisdiction exists either because they have filed federal counterclaims against Strategic in state court, or because they intend to raise defenses based on federal law. Not. Removal at 2-3. However, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D.Cal. Jul. 27, 2011); Fed. Nat. Mortgage Ass'n v. Bravo, 2013 WL 812705, *1 (C.D. Cal. Mar. 5, 2013) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Moreover, "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-06897-CAS(MANx) | Date | October 27, 2014 |
| Title | STRATEGIC ACQUISITIONS, INC. V. DAVID ZARIAN ET AL. | | |

existence of a defense based upon federal law is insufficient to support jurisdiction." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint.") (emphasis in original).  A federal counterclaim similarly cannot serve as a basis for federal question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Because Strategic solely brings an action for unlawful detainer, the Court lacks subject matter jurisdiction over this case and GRANTS Strategic's motion to remand.

However, the Court DENIES Strategic's request for an award of costs and expenses incurred in connection with defendants' attempted removal of this action.

## III.   CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |